UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT SMITH,<br><br>      *Plaintiff*,<br><br>v.<br><br>WINONA MALL, LLC,<br><br>      *Defendant*. | Case No. _____<br><br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Scott Smith, by and through the undersigned counsel, brings this action against Defendant Winona Mall, LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the shopping mall known as "Winona Mall", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at "Winona Mall", located at 1213 Gilmore Avenue, Winona, MN 55987.

3. Defendant's failure to provide equal access to "Winona Mall" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendant's conduct constitutes an ongoing and continuous violation of the law.

5. Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal and state law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Scott Smith is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

9. Mr. Smith suffers from arthrogryposis, a rare and disabling congenital joint contracture that for Mr. Smith results in muscle weakness and an inability to stand or walk. Mr. Smith uses a wheelchair for mobility. As a person with a disability, Mr. Smith has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Winona Mall, LLC, a Minnesota limited liability company, is the owner and lessor of the real property and improvements which are the subject of this action, the shopping mall "Winona Mall", a place of public accommodation within the meaning of the ADA, located at the street address of 1213 Gilmore Avenue, Winona, MN 55987.

## FACTUAL BACKGROUND

11. On May 25, 2017, Plaintiff attempted to patronize the large shopping mall, "Winona Mall", in Winona, Minnesota. "Winona Mall" had many tenant businesses, including restaurants and retail businesses. Plaintiff has traveled to many times throughout his life, as he has lived in southern Minnesota and has a brother who attended college in Winona.

12. "Winona Mall" had a large parking lot that surrounded the building.

13. Plaintiff found that the "Winona Mall" customer parking lot had approximately 470 total parking spaces in the area near the mall building.

14. The distant part of the parking lot, surrounding a nearby strip mall, had approximately 118 parking spaces.

15. Plaintiff found 1 parking space reserved through signage as an accessible parking space near Blooming Grounds. This parking space had no adjacent access aisle and had a rough and broken surface that would be difficult to traverse in a wheelchair.

16. A photograph in Exhibit A to this Complaint depicts this parking space as it appeared on Plaintiff's May 25, 2017 visit.

17. On the north side of the parking lot, Plaintiff found 2 reserved parking spaces that were reserved only through paint on the ground and not with posted signage.

18. A photograph in Exhibit B to this Complaint depicts these parking spaces as they appeared on Plaintiff's May 25, 2017 visit.

19. Plaintiff found 1 reserved parking space on the west side of the parking lot. This parking space was not reserved through posted signage.

20. A photograph in Exhibit C to this Complaint depicts this parking space as it appeared on Plaintiff's May 25, 2017 visit.

21. Two spaces on the south side of the "Winona Mall" customer parking lot were reserved through paint on the surface of the parking spaces. They were not reserved through posted signage, and they lacked unobstructed access aisles.

22. A photograph in Exhibit D to this Complaint depicts these parking spaces as they appeared on Plaintiff's May 25, 2017 visit.

23. Plaintiff found 2 additional reserved parking spaces on the south side of the "Winona Mall" customer parking lot, but these parking spaces were not reserved through posted signage.

24. A photograph in Exhibit E to this Complaint depicts these parking spaces as they appeared on Plaintiff's May 25, 2017 visit.

25. Plaintiff found 2 reserved parking spaces located near "Spectrum", a tenant business, that were reserved through posted signage.

26. The "Winona Mall" customer parking lot offered 4 more reserved parking spaces near "First Free Church". No signage reserved these parking spaces.

27. A photograph in Exhibit F to this Complaint depicts these parking spaces as they appeared on Plaintiff's May 25, 2017 visit.

28. North of the main building, "Winona Mall" also had a multi-tenant strip mall building with additional parking, approximately 118 total parking spaces.

29. This strip mall was served by 2 reserved parking spaces. Neither of these spaces had an adjacent access aisle.

30. Photographs in Exhibit G to this Complaint depict these parking spaces as they appeared on Plaintiff's May 25, 2017 visit.

31. As a result of the architectural barriers in the customer parking lot, Plaintiff was deterred from visiting "Winona Mall".

32. Plaintiff lives in Burnsville, Minnesota and frequently travels throughout Minnesota, including Winona. He attempted to patronize "Winona Mall", but was deterred, due to the lack of accessible parking and accessible routes.

33. In light of the architectural barriers at "Winona Mall", Plaintiff is deterred from visiting "Winona Mall" in the future. Plaintiff would like to be able to patronize "Winona Mall", but these architectural barriers deter him from doing so. He plans to return and patronize "Winona Mall" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

34. Plaintiff attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

35. The architectural barriers alleged in this complaint also violate Minnesota Human Rights Act, Minn. Stat. Chapter 363A. Notice of the architectural barriers at "Winona Mall" as required under Minn. Stat. 363A.331, subd. 3, is hereby given and attached as Exhibit H to this complaint.

## FACTUAL ALLEGATIONS

36. Defendant has discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Winona Mall". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Winona Mall" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "Winona Mall" had approximately 590 total parking spaces in its customer parking lot and had 17 parking spaces reserved in some way as accessible parking spaces, but the parking lot lacked the required 12 accessible parking spaces complying with ADAAG 502, in violation of ADAAG 208.3.1. Plaintiff uses a wheelchair for mobility and requires compliant accessible parking spaces to make safe transfers between his vehicle and wheelchair.

   b. "Winona Mall" had 11 reserved parking spaces that were reserved through paint on the surface of the parking space but were not reserved through posted signage, in violation of ADAAG 216.5 and 502.6. Missing signage makes it difficult for Plaintiff to find accessible parking spaces and makes it difficult for law enforcement to enforce parking rules and regulations.

   c. 5 reserved parking spaces in the "Winona Mall" customer parking lot lacked an adjacent access aisle, in violation of ADAAG 502.2. Plaintiff re-

quires an access aisle to make a safe transfer between his vehicle and his wheelchair.

d. 1 reserved parking space was in obvious disrepair and had not been maintained, leaving it with a surface that was not stable, firm, and slip-resistant, in violation of 28 C.F.R. § 36.304(b), and ADAAG 502.4 and 302.

37. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Winona Mall". To qualify as an accessible parking space, it must be located on the shortest accessible route, marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502.

38. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Winona Mall" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

39. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

40. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

41. Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from pat-

ronizing the facility and will continue to be unable to independently access "Winona Mall" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

42. Plaintiff incorporates and realleges the above paragraphs.

43. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

44. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

45. Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "Winona Mall" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

46. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

47. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers is readily achievable.

48. Plaintiff plans to visit "Winona Mall" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Winona Mall" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

49. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Winona Mall" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Winona Mall" until such time as Defendant cures the access barriers.

50. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

   a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

   b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to make

    all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: June 9, 2017

                                /s/ Padraigin L. Browne
                                Padraigin L. Browne (MN Bar # 389962)
                                8530 Eagle Point Blvd, suite 100
                                Lake Elmo, MN 55042
                                E-mail: paddy@brownelawllc.com
                                Phone: (612) 293-4805